IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARY K. PRESLEY,

      Plaintiff,

vs.                                   CASE NO.: 4:08-CV-317-SPM

MICHAEL J. ASTRUE,

      Defendant.
_____/

## ORDER ON APPLICATION FOR AWARD OF ATTORNEY FEES

**THIS CAUSE** comes before the Court upon the Petition for Attorney Fees Under the Social Security Act (doc. 32) filed by Plaintiff's counsel, Heather Freeman, on November 20, 2009. For the reasons set forth below, the Court finds the motion should be granted.

After successfully obtaining a reversal and remand of the Plaintiff's Social Security determination, Plaintiff's counsel applied for and received $4,820.83 in fees under the Equal Justice to Access Act. Upon remand, Plaintiff was awarded $77,069.40 in past-due benefits. Twenty-five percent of that amount, or $18,276.25, was held in escrow for payment of attorney fees, and the remainder was disbursed to Plaintiff. Plaintiff's counsel now moves to have the $18,276.25 awarded to her pursuant to section 406(b) of the Social Security Act and the

contingency-fee agreement she entered into with Plaintiff.

For purposes of Social Security benefits claims, the governing case in analyses of fee determination is <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002). When an attorney has successfully obtained a recovery of a Social Security claimant's past-due benefits, he is entitled to a "reasonable" fee under § 406(b) "not in excess of 25 percent of the total of the past-due benefits . . . ," and the Social Security Commissioner is authorized to withhold this fee from the claimant's final payout. The <u>Gisbrecht</u> decision instructed district courts to review fee agreements for reasonableness, using the 25% boundary line set by Congress.

In order to avoid a "double-dip", *i.e.*, recovery under both the Equal Access to Justice Act and the Social Security Act for the same work, Congress stipulated that the smaller of the two fees must be refunded to the claimant. Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 183, 186 (1985). Accordingly Plaintiff's counsel has agreed to refund to her client the $4,820.83 she received pursuant to EAJA in the event she is awarded fees under § 406(b).

Because of the risk undertaken by the attorney, contingency agreements usually result in a far higher fee for the attorney. <u>Yarnevic v. Apfel</u>, 359 F. Supp. 2d 1363, 1366 (N.D. Ga. 2005)(citations omitted). It is highly unlikely that

Plaintiff would have been able to achieve the successful result on her own without the assistance of able counsel. The Court finds that Plaintiff's counsel has shown that the $18,276.25 in attorney fees is reasonable and should be awarded. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The motion for attorney fees (doc. 32) is hereby ***granted***.

2. Plaintiff's counsel is entitled to attorney fees in the total amount of $18,276.25, which represents 25% of the $77,069.40 awarded as past-due benefits to Plaintiff.

3. Upon receipt of the $18,276.25, counsel shall refund the amount of $4,820.83 to Plaintiff, which represents the amount awarded to counsel under EAJA and is the smaller of the two fees.

**DONE AND ORDERED** this twenty-fourth day of November, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge